IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARCELINO SOLIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action File No. |
| ) | **1 09-cv-3293** |
| THE TACO MAKER, INC., ) | |
| FRANSGLOBAL CORPORATION ) | |
| and CARLOS BUDET, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Marcelino Solis ("Mr. Solis") by and through his undersigned attorneys and files this Complaint for Damages ("Complaint") against Defendants The Taco Maker, Inc ("TM"), FransGlobal Corporation ("FransGlobal") and Carlos Budet ("Budet") (collectively "Defendants") showing this Court as follows:

### THE PARTIES

1.

Mr. Solis is an individual resident of the State of Georgia residing at 2554 Weddington Ridge, Marietta, Georgia 30068. Mr. Solis submits himself to the

jurisdiction of this Court by filing this Complaint and may be reached through his undersigned attorneys of record.

2.

Defendant TM is a Delaware corporation engaged in the business of franchising restaurant concepts. TM maintains its principle place of business at Capital Center Sur, Suite 506, 239 Arterial Hostos Avenue, San Juan, Puerto Rico. TM may be served with process through its Registered Agent, The Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801.

3.

Defendant Budet is an individual resident of the Commonwealth of Puerto Rico and may be served at Capital Center Sur, Suite 506, 239 Arterial Hostos Avenue, San Juan, Puerto Rico or wherever he may be found. Budet is the Chief Executive Officer of TM and was the Chief Operating Officer of FransGlobal at the time of the transaction.

4.

Defendant FransGlobal is a Puerto Rican corporation which, upon information and belief, serves as a holding company for several franchise concepts.

FransGlobal may be served with process through its Registered Agent at Capital Center Sur, Suite 506, 239 Arterial Hostos Avenue, San Juan, Puerto Rico.

## JURISDCITION AND VENUE

5.

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as there is a diversity of citizenship between the parties and the amount sought exceeds $75,000.00. This Court is vested with original jurisdiction pursuant to 28 U.S.C. § 1331 as this action arises under the laws of the United States.

6.

This Court has personal jurisdiction over TM, FransGlobal and Budet pursuant to the Georgia long-arm statute, O.C.G.A. § 9-10-91, as the events described herein took place within the State.

7.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as this is the District where the alleged wrongful conduct occurred giving rise to the claims.

## BACKGROUND FACTS

8.

Mr. Solis has been engaged in the business of food production and service for over twenty (20) years in the Atlanta area.

9.

Because of his experience and knowledge of the industry, Mr. Solis was approached by Budet concerning Defendants TM and FransGlobal.

10.

On or about April 20, 2008, Defendant Budet flew to Atlanta on behalf of FransGlobal and TM to solicit a stock purchase from Plaintiff.

11.

It was at this April 20, 2008 meeting that Mr. Solis was told that his investment in TM and FransGlobal would give him an ownership interest in TM and would enable Mr. Solis to receive lucrative food production contracts from TM and/or FransGlobal.

12.

On or about July 14, 2008 Defendant Budet returned to Atlanta to give a second presentation to Mr. Solis concerning his potential investment in TM and/or FransGlobal.

13.

Based on the representations and promises of Defendant Budet, Mr. Solis wired $125,000 ("Investment") directly to Defendants on or about July 16, 2008, in order to purchase stock in TM and FransGlobal (hereafter "Investment") and to receive the promised food production contracts.

14.

After the wire was received, Mr. Solis was never issued shares of stock or other ownership in TM and/or FransGlobal; nor was Mr. Solis awarded any food production contracts.

15.

Despite numerous requests, Mr. Solis never received any indication of stock ownership or an accounting of the Investment.

16.

Despite repeated demands, Defendants refused to return the Investment funds.

## COUNT ONE

## COMMON LAW FRAUD

17.

Mr. Solis reasserts and incorporates by reference the averments set forth in paragraphs 1 through 16 of the Complaint for Damages as if fully set forth herein.

18.

Defendants made certain misrepresentations/omissions of material fact in connection with the purchase of a security by Mr. Solis.

19.

During the April and July 2008 meetings in Atlanta, Budet promised Mr. Solis that the Investment would purchase stock in TM and FransGlobal and that by virtue of his Investment Mr. Solis would be awarded food production contracts. In fact, Mr. Solis never received any stock and was not awarded any contracts.

20.

Mr. Solis reasonably relied on the material representations made to him by Budet, on behalf of TM and FransGlobal, at the April and July 2008 Atlanta meetings when he made his Investment and has been damaged.

21.

Defendants also intentionally failed to inform Mr. Solis that his Investment would actually be used to buy out other shareholders in an apparent Ponzi scheme.

22.

Furthermore, Mr. Solis was not informed that none of the Defendants are licensed to engage in securities brokerage transactions with the Georgia Secretary of State or the United States Securities and Exchange Commission.

23.

Mr. Solis' justifiable reliance on the material misrepresentations/omissions made by Defendants proximately caused injury to him in an amount not less than $125,000 in principal, interest and other damages in an amount to be determined at trial.

24.

Defendants are jointly and severally liable to Mr. Solis for common law fraud in an amount to be determined at trial.

## COUNT TWO

### SALE OF UNREGISTERED SECURITIES

25.

Mr. Solis reasserts and incorporates by reference the averments set forth in paragraphs 1 through 24 of the Complaint for Damages as if fully set forth herein.

26.

Defendant's stock is a "security" as defined by O.C.G.A. § 10-5-2(a)(26).

27.

Defendants TM and FransGlobal are "issuers" of said securities as defined by O.C.G.A. § 10-5-2(a)(16).

28.

Mr. Solis' investment was not registered with the Georgia Securities Division pursuant to O.C.G.A. § 10-5-5 nor were such securities exempt from registration by virtue of O.C.G.A. § 10-5-8 or O.C.G.A. § 10-5-9.

29.

The attempted issuance of securities described herein by Defendants to Mr. Solis violated O.C.G.A. §§ 10-5-5 and 10-5-12(a)(1) and (2).

30.

Defendant Budet participated in a material way in the unlawful sale of said securities, including travelling to Atlanta for the purpose of soliciting the purchase of securities.

31.

Defendant Budet was directly or indirectly a control person liable to Mr. Solis under subsections (a), (c) or (h) of O.C.G.A. § 10-5-14 and was an executive officer or director of such persons or held similar status and performed similar functions for such person liable to Mr. Solis under O.C.G.A. § 10-5-14(a), (c) and (h).

32.

All Defendants are jointly and severally liable to Mr. Solis for the full amount of his Investment, plus interest from the date of the investment, plus all taxable court costs and reasonably incurred attorneys' fees due to their participation, directly or indirectly under the theory of control person's liability.

33.

Defendant Budet participated in a material way in the unlawful sale of said securities and is liable pursuant to O.C.G.A. § 10-5-14(c).

34.

Defendants are jointly and severally liable to Plaintiff for the sale of unregistered securities in an amount to be determined as trial.

## COUNT THREE

### UNJUST ENRICHMENT

35.

Mr. Solis reasserts and incorporates by reference the averments set forth in paragraphs 1 through 34 of the Complaint for Damages as if fully set forth herein.

36.

Based upon the misrepresentations and omissions during the April and July 2008 meetings, Mr. Solis made his Investment.

37.

The funds comprising the Investment were wired to and received by Defendants.

38.

Upon information and belief, instead of treating the Investment as an ownership/stock purchase as Mr. Solis was lead to believe, Defendants used the Investment funds to further perpetrate their Ponzi scheme.

39.

Defendants have benefitted and have been unjustly enriched through receipt and retention of funds received from Mr. Solis and have given Mr. Solis no consideration in return.

40.

Mr. Solis has been damaged by Defendants' conduct in an amount not less than $125,000, plus other interest and costs to be determined at trial.

## COUNT FOUR

### SECURITIES FRAUD

41.

Mr. Solis reasserts and incorporates by reference the averments set forth in paragraphs 1 through 40 of the Complaint for Damages as if fully set forth herein.

42.

As specifically set forth above, Defendants violated Section 10(b) of the Securities & Exchange Act of 1934 as amended (hereinafter the "Exchange Act"), 15 U.S.C. 78(j) and Rule 10(b)(5) thereunder by making misrepresentations, misstatements and omissions of material facts in connection with the offer and sale of securities to Mr. Solis (during the April and July 2008 meetings) with

knowledge or severe recklessness as to the misleading nature of the representations and statements made.

43.

During the April and July 2008 meetings in Atlanta, Budet promised Mr. Solis that the Investment would purchase stock in TM and FransGlobal and that by virtue of his Investment Mr. Solis would be awarded food production contracts. In fact, Mr. Solis never received any stock and was not awarded any contracts.

44.

Mr. Solis reasonably relied on the material representations made to him by Budet, on behalf of TM and FransGlobal, at the April and July 2008 Atlanta meetings when he made his Investment and has been damaged.

45.

Defendants also intentionally failed to inform Mr. Solis that his Investment would actually be used to buy out other shareholders in an apparent Ponzi scheme.

46.

Furthermore, Mr. Solis was not informed that none of the Defendants are licensed to engage in securities brokerage transactions with the Georgia Secretary of State or the United States Securities and Exchange Commission.

47.

Defendants' actions and omissions constitute violations of Section 10(b)(5) of the Exchange Act.

48.

Mr. Solis' justifiable reliance on the material misrepresentations/omissions made by Defendants proximately caused injury to him in an amount not less than $125,000 in principal, interest and other damages in an amount to be determined at trial.

COUNT FIVE

CONVERSION

49.

Mr. Solis reasserts and incorporates by reference the averments set forth in paragraphs 1 through 48 of the Complaint for Damages as if fully set forth herein.

50.

Upon the false representations and omissions made to him at the April and July 2008 meetings, Mr. Solis wired his Investment to the Defendants.

51.

Mr. Solis was lead to believe that this Investment gave him an ownership interest in TM and/or FransGlobal.

52.

The Defendants received the wire transfer Investment from Mr. Solis and took possession of said monies.

53.

Upon information and belief, the Investment was instead converted by the Defendants and used to pay business and/or personal debts.

54.

At no time was Mr. Solis ever given an ownership interest in either TM or FransGlobal.

55.

Mr. Solis has requested the Defendants to return or refund his Investment.

56.

However, the Defendants have refused to return any portion of the Investment to Mr. Solis.

57.

Defendants converted the Investment of Mr. Solis and caused him damage thereby in an amount not less than $125,000, plus interest.

## COUNT SIX

## ATTORNEYS' FEES

58.

Mr. Solis reasserts and incorporates by reference the averments set forth in paragraphs 1 through 57 of the Complaint for Damages as if fully set forth herein.

59.

The Defendants have been stubbornly litigious and have caused Mr. Solis unnecessary trouble and expense.

60.

Mr. Solis is entitled to recover his costs of litigation, including attorneys' fees, pursuant to O.C.G.A. § 13-6-11.

**WHEREFORE**, Mr. Solis prays that judgment be entered as follows:

a) Award Mr. Solis damages for Defendants' common law fraud in an amount not less than $125,000.00, plus interest;

b) Award Mr. Solis damages for Defendants' Sale of Unregistered Securities in an amount not less than $125,000, plus interest;

c) Award Mr. Solis damages for Defendants' Unjust Enrichment in an amount not less than $125,000, plus interest;

d) Award Mr. Solis damages for Defendants' violation of 10(b)(5) of the Securities and Exchange Act of 1934 in an amount not less than $125,000, plus interest;

e) Award Mr. Solis damages for Defendants' Conversion of his Investment funds in an amount not less than $125,000, plus interest;

f) Award Mr. Solis his actual costs and attorneys' fees pursuant to O.C.G.A. § 13-6-11;

g) Grant Mr. Solis a jury trial on all claims triable by a jury; and

h) Award Mr. Solis such other and further relief as the Court deems just and proper.

Respectfully submitted, this 24th day of November, 2009.

_____
Bryan E. Busch
Georgia Bar No. 006055
Jason B. Godwin
Georgia Bar No. 142226

BUSCH, SLIPAKOFF & SCHUH, LLP
3350 Riverwood Pkwy, Suite 1550
Atlanta, Georgia 30339
(770) 790-3550
(770) 790-3520 (facsimile)
jgodwin@bssfirm.com

Counsel for Plaintiff