UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARCELINO SOLIS,<br><br>  Plaintiff,<br><br>v.<br><br>THE TACO MAKER, INC., FRANSGLOBAL CORPORATION AND CARLOS BUDET,<br><br>  Defendants and Counterclaimants,<br><br>v.<br><br>BUSCH, SLIPAKOFF, & SCHUH, LLP AND SHANE STOGNER, ESQ.<br><br>  Third-Party Defendants. | CIVIL ACTION FILE NO. 1:09-CV-3293-RWS |

**THE TACO MAKER, INC.'S, FRANSGLOBAL CORPORATION'S AND CARLOS BUDET'S MOTION TO DISQUALIFY BUSCH, SLIPAKOFF, & SCHUH, LLP AND MEMORANDUM OF LAW IN SUPPORT**

The Taco Maker, Inc., ("**Taco Maker**"), FransGlobal Corporation ("**FransGlobal**"), and Carlos Budet ("**Budet**") (collectively referred to herein as "**Third-Party Plaintiffs**") hereby file, by and through counsel of record, their Motion to Disqualify the law firm of Taylor, Busch, Slipakoff, & Duma, LLP, N.K.A. Busch, Slipakoff, & Schuh, LLP ("**Busch**

1

**Slipakoff**") as counsel for Plaintiff, Marcelino Solis ("**Solis"**). Third-Party Plaintiffs move to disqualify Busch Slipakoff from representing the Plaintiff as, under the Georgia Rules of Professional Conduct, (i) representation by the law firm would involve a conflict of interest with a former client, (ii) such representation would jeopardize the confidentiality of information previously provided to the law firm, and (iii) there will be an inevitable conflict of interest in the law firm, or its members, acting as both an advocate and a witness.

First, while the Third-Party Plaintiffs acknowledge the Court has an interest in respecting a litigant's choice in selecting counsel, the Court also has a duty to protect previous clients from potential conflicts that may arise. Rule 1.9 states that "a lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation." *Ga. R. Prof. Conduct 1.9(a)*.[1] Comments to the rule

---

[1] *Humphrey v. State*, 244 Ga.App. 808, 537 S.E.2d 95 (Ga.App. 2000)(A lawyer is required to decline successive representation where the second matter is "substantially related" to the lawyer's representation of the former client as an irrebutable presumption arises that confidences were disclosed to the attorney bearing upon the subject matter of the representation. Further, a party seeking disqualification need not demonstrate which confidences were revealed or even that harm resulted, but rather only a substantial relationship between the two cases). See also *Dodson v. Floyd*, 529 F.Supp. 1056, 1060-61 (N.D.Ga. 1981)(the relevant test for disqualification is well settled and is measured by representations which are "substantially related" and that since a lawyer should preserve the

further explain that "the underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question." *Ga. R. Prof. Conduct 1.9, Comment 2*. Where such conflict arises and a lawyer is disqualified from representation, which is currently associated with the firm, such disqualification is also imputed to the firm; subject only to waiver by the client. *Ga. R. Prof. Conduct 1.10*.

Second, Rule 1.6 provides "[a] lawyer shall maintain in confidence all information gained in the professional relationship with a client, including information which the client has requested to be held inviolate or the disclosure of which would be embarrassing or would likely be detrimental to the client, unless the client consents after consultation, except for disclosures that are impliedly authorized in order to carry out the representation, or are required by these rules or other law, or by order of the Court." Ga. R. Prof. Conduct 1.6.[2]

---

confidences, a lawyer should avoid even the appearance of impropriety; doubts of which should be resolved in favor of disqualification).

[2] *Paul v. Smith, Gambrell, & Russell*, 267 Ga. App. 107, 599, S.E.2d 206, 209 (Ga.App. 2004)(where a contract of employment was consummated with an attorney and the subsequent litigation involves substantially the same matter, the court did not and held it should not investigate as to the nature of the confidential information obtained during the course of representation as such disclosure would first require the client's consent).

Third, combining the roles as an advocate and a witness presents prejudice; prejudice which may affect a party's rights in litigation. Rule 3.7 of the Georgia Rules of Professional Conduct provides that a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where (i) the testimony relates to an uncontested issue, (ii) the testimony relates to the nature and value of legal services rendered in the case, or (iii) disqualification of the lawyer would work substantial hardship on the client. Comment 4 to Rule 3.7 further provides that the evaluation of "substantial hardship" requires a balancing test and the rule provides that such test is determined on (i) whether the opposing party is likely to suffer prejudice depends upon the nature of the case, (ii) the importance and probable tenor of the lawyer's testimony, and (iii) the probability that the lawyer's testimony will conflict with that of the other witnesses.

Busch Slipakoff's previous engagements with Taco Maker should disqualify the firm from further representation for the reasons stated hereunder:

1.      On or about July 10, 2008, Busch Slipakoff was engaged to represent Taco Maker in connection with "the possible recapitalization or refinancing of the company, corporate governance as well as any other

general matters as we may otherwise mutually agree". See Exhibit "C" to the *Answer and Affirmative Defenses to Plaintiff's Complaint,* [D.E. 8-4].

2. Busch Slipakoff's engagement with Taco Maker occurred at the same time as the funds transferred between parties to the litigation and the dispute arises as to the terms of that monetary transfer.

3. Mr. Stogner, as a legal representative to Taco Maker and an agent of Busch Slipakoff, owed both contractual and professional duties to the company, including that of undivided loyalty and confidentiality. Such duties were breached when, after entering into a dual representation with both Solis and Taco Maker for the purpose of funding the Lausell transaction, Busch Slipakoff, without any authorization from Taco Maker, took an adverse position against Taco Maker and initiated the present litigation.

4. The nature of the present case relates to those corporate funding agreements and/or what Plaintiff contends is an ancillary deal that was executed after the Lausell transaction fell through. See *Plaintiff's Response Brief in Opposition to Defendants' Motion to Dismiss* at 2, [D.E. 4]. As such, Busch Slipakoff is engaged by Mr. Solis as, legal counsel, to recover funds advanced from the same transaction, or set of transactions, which the law firm dually represented the parties.

5. Busch Slipakoff has not sought to consult with Taco Maker for consent in representing Mr. Solis; as would be required in order to act as counsel for a subsequent client involved in the same or substantially related matter.

6. Further, as Shane Stogner, Esq. would be clearly disqualified from representation of either party to this transaction, the disqualification is imputed to his law firm in the same or substantially related matter, unless the client consents.[3]

7. In addition to the claims brought forth between Plaintiff and Defendants, Third-Party Plaintiffs have brought a claim for malpractice against Busch Slipakoff for its negligence in the dual representation of the parties and attribute any confusion as to the terms of that transfer to either negligence, by wire-transferring funds prior to the execution of a written agreement, or knowing misrepresentations to circumvent the obligations set forth in the July 10, 2008 Stock Purchase Agreement.  See *Third-Party Plaintiffs' Answer and Affirmative Defenses,* [D.E. 8].  As such, not only will Busch Slipakoff, or agents thereof, be required to testify in its/their own

---

[3] *Amoco Chemicals Corp. v. MacArthur*, 568 F.Supp. 42 (N.D.Ga. 1983)(granting motion for disqualification as to the entire firm for lawyer's disqualification; noting that the risk of information sharing among two attorneys, presently affiliated, warrants disqualification and that the "Chinese Wall" procedures for former government lawyers are inapplicable in a private sector context).

defense, and against the interests of its former client, Taco Maker, but also advance one of their current members, Mr. Shane Stogner, as a material witness in the terms of the transfer; raising concerns of potentially even two or more witnesses from Busch Slipakoff testifying.[4]

8.  The risk that Taco Maker, and the other Third-Party Plaintiffs, will suffer prejudice is high due to the importance of Shane Stogner's testimony and such testimony may in fact even be determinative on the outcome of the litigation; testimony which will likely conflict with other parties and witnesses in the case.

9.  Busch Slipakoff was aware of the conflict of interest at the time of filing the present lawsuit, or should have been aware after verification with Mr. Stogner, Plaintiff's son-in-law, and accordingly, such risk of disqualification was foreseeable.[5]

10.  Disqualification will not work as a substantial hardship on Plaintiff Solis.  At this early stage of the litigation, Plaintiff can, with

---

[4] If a lawyer who is a member of the firm may not act as both advocate and witness on behalf of the client by reason of conflict of interest, Rule 1.10: imputed disqualification disqualifies the firm also. *Ga. R. Prof. Cond. 3.7, Comment 4.*

[5] It is relevant that one or both parties could reasonably foresee that the lawyer would probably be a witness. *Ga. R. Prof. Cond. 3.7, Comment 4.*

minimal additional expense and delay, obtain numerous other counsel of his choice.

Accordingly, Busch Slipakoff's previous associations with Taco Maker should now preclude representation on behalf of Mr. Solis and disqualify the law firm in the current matter as such presents irreparable injury to the Third-Party Plaintiffs and raises serious concerns of impropriety. Busch Slipakoff, having been privy to confidential information, including that information obtained by, among other meetings, the attendance of Mr. Shane Stogner at a Taco Maker shareholders' meeting in 2008, has essentially elected sides in the contested transaction(s); which continued representation for the Plaintiff would clearly call into question the fair and efficient administration of justice.

WHEREFORE, Third-Party Plaintiffs pray that the Court issue an immediate order that Busch Slipakoff be disqualified from representation of either party to this transaction and further in any matters related to corporate funding for Taco Maker, its shareholders, or such other matters as may otherwise serve as a breach of the Georgia Rules of Professional Conduct and/or jeopardize the confidential information received during the course of the Taco Maker representation.

Respectfully submitted this 14th day of July, 2010.

/s/ Michael Stegawski
Michael Stegawski, Esq.
Georgia Bar No. 310108

**Convergent Advisory Services, P.A.**
5200 NW 33rd Ave., Suite 207
Fort Lauderdale, FL 33309
Telephone: (866) 439-4942
Facsimile: (866) 927-1674
Email: michael@globalsecuritieslaw.com

*Attorney for The Taco Maker, Inc.,
FransGlobal Corporation and Carlos
Budet.*

# CERTIFICATE PURSUANT TO LR 7.1(D), NDGA

The undersigned counsel hereby certifies that the foregoing document has been prepared with a font and point selection approved in L.R. 5.1, namely, Times New Roman font size 14, and certifies the same pursuant to LR 7.1(D), NDGa.

/s/ Michael Stegawski
Michael Stegawski, Esq.
Georgia Bar No. 310108

**Convergent Advisory Services, P.A.**
5200 NW 33rd Ave., Suite 207
Fort Lauderdale, FL 33309
Telephone: (866) 439-4942
Facsimile: (866) 927-1674
Email: michael@globalsecuritieslaw.com

*Attorney for The Taco Maker, Inc.,*
*FransGlobal Corporation and Carlos*
*Budet.*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the within and foregoing document using the CM/ECF system, which automatically sent email notification of such filing to the attorneys of record.

This 14th day of July, 2010.

/s/ Michael Stegawski
Michael Stegawski, Esq.
Georgia Bar No. 310108

**Convergent Advisory Services, P.A.**
5200 NW 33rd Ave., Suite 207
Fort Lauderdale, FL 33309
Telephone: (866) 439-4942
Facsimile: (866) 927-1674
Email: michael@globalsecuritieslaw.com

*Attorney for The Taco Maker, Inc., FransGlobal Corporation and Carlos Budet*