IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARCELINO SOLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Civil Action File |
| THE TACO MAKER, INC., | ) | |
| FRANSGLOBAL CORPORATION, | ) | No.  1:09-cv-3293-RWS |
| AND CARLOS BUDET, | ) | |
| | ) | |
| Defendants and | ) | |
| Counterclaimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BUSCH, SLIPAKOFF & SCHUH, | ) | |
| LLP and SHANE STOGNER, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

THIRD – PARTY DEFENDANT SHANE STOGNER'S
MOTION TO DISMISS PLAINTIFF'S COMPLAINT

COMES NOW, Third Party Defendant Shane Stogner, ("Stogner") by and

through his undersigned counsel and files this his Motion to Dismiss ("Motion")

the Third Party Complaint ("Complaint") filed by Defendants The Taco Maker,

Inc. ("TMI"), Fransglobal Corporation ("FG") and Carlos Budet (" Budet")

(collectively as "Defendants") in this action.  Stogner shows this Court that the

Complaint filed by Defendants must be dismissed for failure to state a claim upon which relief can be granted under Rule 12 of the Federal Rules of Civil Procedure.

## BACKGROUND FACTS

Plaintiff Marcelino Solis ("Plaintiff") filed his Complaint in this Court on or about November 24, 2009 seeking damages against Defendants based on claims of common law fraud, sale of unregistered securities, unjust enrichment, securities violations under Section 10(b)(5) of the 1934 Securities and Exchange Act, conversion and attorneys' fees. Defendants filed a Motion to Dismiss Plaintiff's Complaint on the grounds of lack of personal jurisdiction, failure to state a claim upon which relief can be granted, failure to join a necessary and indispensible party.

After this Court denied Defendants' Motion to Dismiss based on lack of personal jurisdiction[1], Defendants' filed their Answer ("Answer") alleging that Stogner represented Defendants in the underlying transaction thereby creating a conflict of interest in the participation of Stogner and his firm in this matter.[2] In this Answer, Defendants brought a Complaint against Stogner and the undersigned firm alleging breach of fiduciary duty, legal malpractice, injunctive relief and

---

[1] DE # 7.
[2] DE # 8.

2

attorneys' fees.[3]  However, Defendants cannot recover for such claims under well established Georgia law.

I.    Defendants' Claim for Legal Malpractice Fails as a Matter of Law.

Defendants allege that Stogner, and his undersigned firm, have committed legal malpractice due to Stogner's alleged role in the underlying transaction. However, Defendants' Complaint is legally deficient as it contains no accompanying affidavit as required under O.C.G.A. § 9-11-9.1.  Specifically, O.C.G.A. § 9-11-9.1 requires that any claim alleging professional malpractice against a professional licensed by the State of Georgia is required to be filed with an affidavit of an expert competent to testify.[4]  This affidavit must set forth specifically at least one negligent act or omission claimed to exist and the factual basis for each such claim.[5]  Defendants' failure to file an affidavit is only curable if the Court is convinced that the claimant had the requisite affidavit before the filing and the failure to file the affidavit was the result of a mistake.[6]

In malpractice actions against attorneys, it is essential that competent evidence be presented as to the acceptability of particular conduct.[7]  Absent expert

---

[3]  Id.
[4]  O.C.G.A. § 9-11-9.1(a).
[5]  Id.
[6]  O.C.G.A. § 9-11-9.1(f).
[7]  Berman v. Rubin, 138 Ga.App. 849, 853, 227 S.E.2d 802, 805 (1976).

legal testimony rebutting presumption of competence attaching to performance of counsel, an attorney can not be found liable for legal malpractice.[8]  In order for claimant to recover in a legal malpractice action it is necessary that opinion testimony of an expert witness be set forth.[9]  Failure to attach an expert affidavit to a counterclaim warrants dismissal of said counterclaim.[10] Dismissal of legal malpractice was mandated on the ground that claimant failed to file an expert affidavit with the complaint, where the attorney raised such a defense in his Answer.[11]

The evidence in the record clearly establishes that Defendants have failed to comply with the mandatory requirements of O.C.G.A. § 9-11-9.1.  Count III of Defendants' counterclaim is titled "Legal Malpractice".[12]  Defendants aver that their damages claims are based on the "failure of Stogner and his firm to exercise the ordinary skill and diligence" regarding their legal representation of the Plaintiff in this matter.[13]  This is a matter which must be attested to by an expert. Furthermore, it is also apparent that Defendants' fatal flaw in this claim is not

---

[8]  Hughes v. Malone, 146 Ga.App. 341, 346, 247 S.E.2d 107, 111 (1978).
[9]  Howard v. Walker, 242 Ga. 406, 407, 249 S.E.2d 4, 46 (1978).
[10]  French Quarter, Inc. v. Peterson, Young Self & Asselin, 220 Ga.App. 852, 854, 471 S.E.2d 9, 11 (1996).
[11]  Denson v. Maloy, 239 Ga. App. 778, 521 S.E.2d 666, 667 (1999).
[12]  DE # 8, at page 27.
[13]  Id. at 28.

subject to correction under O.C.G.A. § 9-11-9.1(f). Defendants' failure to produce an affidavit of an expert mandates that their claim for Legal Malpractice must be dismissed as a matter of law.

II.    Defendants' Claim of Breach of Fiduciary Duty Fails as a Matter of Law.

Defendants allege that Stogner and his undersigned firm have breached a fiduciary duty owed to Defendants based on an alleged attorney – client relationship.[14] Defendants allege that Stogner and the undersigned firm, owed contractual and professional duties to the company (TMI), including that of undivided loyalty and confidentiality.  Defendants allege that this fiduciary duty was breached due to "dual representation".[15] This is exactly the same argument that Defendants made in their legal malpractice claim.[16]

Georgia law is extremely clear that a claimant cannot sustain a claim for breach of fiduciary duty along with a legal malpractice action.  Specifically, the Georgia Court of Appeals in the case of McMann v. Mockler affirmed the trial court's award of summary judgment for a fiduciary duty claim where a legal malpractice claim was also made.[17] The Court stated that these claims are merely

---

[14] DE #8.
[15] Id. at page 26.
[16] Id. at page 28.
[17] McMann v. Mockler, 502, S.E.2d 894, 897, 233 Ga.App. 279 (1998).

duplicative of the malpractice claim and cannot be asserted.[18]  The Georgia Court of Appeals cited back to this holding in the case of <u>Griffin v. Fowler</u> in 2003.[19]  In <u>Griffin</u>, the Court relied on <u>McMann</u> in affirming summary judgment by stating that this duplicative breach of fiduciary duty claim may not be brought along with a claim of legal malpractice.[20]  Defendants allege that due to the alleged legal relationship between them and Stogner (and his firm) the filing of this Complaint is a dual representation and this representation breaches the fiduciary duty owed to them.  This claim is exactly the same as Defendants' legal malpractice claim.  Under Georgia law, this claim is not allowed and must be dismissed.

III.   <u>Defendants Claim for Injunctive Relief Fails as a Matter of Law.</u>

Defendants seek injunctive relief based on the alleged "dual representation" by Stogner and the undersigned firm.[21]  However, Defendants failed to adequately plead for injunctive relief, and also, fail to meet the criteria whereupon this Court may grant such relief.  In order to obtain preliminary injunctive relief, plaintiffs must demonstrate:

A. substantial likelihood of success on merits of their claim;

---

[18] <u>McMann</u>, 233 Ga.App. at 281.
[19] <u>Griffin v. Fowler</u>, 260 Ga.App. 443, 446, 579 S.E.2d 848, 849 (2003).
[20] <u>Id</u>. at 446.
[21] <u>DE # 8</u>, at page 26-27.

B. substantial threat that they will suffer irreparable harm if injunction is not
   granted;

C. that their threatened injury outweighs harm injunction may cause the
   other party; and

D. that granting injunction will not disserve public interest.[22]

Preliminary injunction is an extraordinary remedy and should not be granted unless
movants clearly carry the burden of persuasion on all four elements: therefore, a
party's failure to satisfy even one of the elements "obviates need for Court to
address remaining the elements".[23]

  A.    *Defendants cannot show their likely success on the merits.*

    Defendants claim that this injunctive relief is necessary due to the alleged
"dual representation" on the part of Stogner and the undersigned firm.  However,
as pointed out by Plaintiff in his Response in Opposition to Defendants Motion to
Disqualify the undersigned firm, Defendants cannot show that an attorney-client
relationship existed between Stogner and the Defendants.[24]  There are no signed

---

[22] Computer Currents Pub. Co. v. Jaye Communications, Inc., 968 F.Supp. 684,
    687 (N.D.Ga. 1997).
[23] Id.
[24] DE # 12.

documents between Stogner and Defendants which would evidence the existence of an attorney – client relationship.[25]

Defendants also fail to meet the criteria for an implied attorney-client relationship.  Under Georgia law, an implied relationship cannot exist when the alleged client paid no fees, was represented by his own counsel, and never informed the attorney that he was relying on him for legal advice.[26]  Stogner never received a fee from Defendants.[27]  Defendants admit that Jose Aponte was their counsel at all times pertinent hereto.[28]  Stogner was never informed that Defendants were relying on him for legal advice.[29]

B.    *Defendants cannot show irreparable harm and have an adequate remedy at law.*

Defendants failed to plead that they would suffer irreparable harm unless the Court enters this injunction.[30]  In fact, Defendants claim for injunctive relief is duplicative of their claim for legal malpractice and for breach of fiduciary duty. Defendants allege that Stogner and the undersigned firm representation of Plaintiff

---

[25] Id. at page 7-8.
[26] In re Infocure Securities Litigation, 210 F.Supp.2d 1331, 1369 (N.D. Ga. 2002).
[27] See Affidavit of Shane Stogner, Exhibit A to DE # 12.
[28] DE # 16, page 7; See also DE #18.
[29] See Affidavit of Shane Stogner, Exhibit A to DE # 12.
[30] DE # 8, at page 26-27.

is a conflict of interest.[31]   However, as shown above there can be no conflict. Furthermore, Defendants have an adequate remedy at law, their previously filed Motion to Disqualify.[32]   Equitable relief is improper if the complainant has a remedy at law which is adequate, meaning that it is as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity.[33]   Here Defendant's Motion to Disqualify would remedy whatever conflict of interest allegedly exists and there is no need for injunctive relief.

## C.   *The Injunction would unduly burden Plaintiff.*

Defendants allege that they would be harmed unless this Court enters an injunction preventing Stogner and the undersigned firm from representing Plaintiff in this case.   However, it is the Plaintiff who would suffer irreparable harm if this injunction is entered.   Right to counsel is an important interest which requires that any curtailment of a client's right to counsel of choice through disqualification of counsel be approached with great caution; disqualification of counsel not only curtails client's right to counsel of choice, but results in expense and delay that are costly both to client, and to administration of justice.[34]   As Georgia courts have

---

[31]  Id.

[32]  DE #9.

[33]  Besser v. Rule, 270 Ga. 473, 474, 510 S.E.2d 530 (1999); *citing to* Sherrer v. Hale, 248 Ga. 793, 797, 285 S.E.2d 714 (1982).

[34]  Piedmont Hosp., Inc. v. Reddick, 267 Ga.App. 68, 76, 599 S.E.2d 20, 28 (2004).

noted, disqualification has an immediate adverse effect on the client by separating him from counsel of his choice, and that disqualification motions are often interposed for tactical reasons.[35] And even when made in the best of faith, such motions inevitably cause delay.[36]

Clearly, the Plaintiff would be unnecessarily burden and penalized by an injunction where there can be no attorney – client relationship.

D.    *An Injunction would prove a disservice to the public interest.*

Defendants contend that an injunction is necessary in this case. However, an injunction would seriously be a disservice to the public interest. Right to counsel is an important interest which requires that any curtailment of client's right to counsel of choice be approached with great caution.[37] Disqualification not only curtails a client's right to counsel of choice, but results in expense and delay that are costly both to the client and to the administration of justice.[38] Clearly, an injunction entered in this case without the showing that an attorney –client relationship existed would be a disservice to the public interest.

Defendants cannot meet *any* of the required four (4) elements to justify their request for injunctive relief in this matter. Defendants cannot show substantial

---

[35] Reese v. Georgia Power Co., 191 Ga.App. 125, 127, 381 S.E.2d 110,111 (1989).
[36] Id.
[37] Blumenfeld v. Borenstein, 247 Ga. 406, 408, 276 S.E.2d 607, 609 (1981).
[38] Head v. CSX Transport, Inc., 259 Ga.App. 396, 398, 577 S.E.2d 12, 14 (2003).

likelihood of success on merits of their claim; cannot show a substantial threat that they will suffer irreparable harm if injunction is not granted; cannot show that their threatened injury outweighs harm injunction may cause the other party; and cannot show that granting injunction will not disserve public interest.[39]  Without meeting these criteria an injunction is unwarranted in this action and is not appropriate under Georgia law.  Therefore, Defendants' claim for injunctive relief fails and must be dismissed.

IV.    Defendants' Claim for Attorneys' Fees Fails as a Matter of Law.

Defendants also seek their incurred attorneys' fees under O.C.G.A. § 13-6-11.  Defendants allege that the undersigned firm failed to do pre-filing diligence and/or initiated the current action with knowledge of the misrepresentations contained in the Complaint, specifically this alleged "dual representation".[40]  Defendants claim is an ancillary claim that cannot stand on its own.[41]  Expenses of litigation are not recoverable pursuant to O.C.G.A. § 13-6-11 unless other elements of damages are recoverable.[42]

Plaintiff has shown that all Defendants' claims in this lawsuit are subject to dismissal.  Specifically, due to Defendants' failure to adhere to O.C.G.A § 9-11-

---

[39] Computer Currents Pub. Co., 968 F.Supp. at 687.
[40] DE # 8, at page 28-29.
[41] Barnett v. Morrow, 196 Ga.App. 201, 202, 396 S.E.2d 11, 12 (1990).
[42] Connell v. Houser, 189 Ga.App. 158, 159, 375 S.E.2d 136, 139 (1988).

9.1, Defendants' claim of legal malpractice must be dismissed.  Similarly, Georgia law prohibits Defendants' claim for breach of fiduciary duty as duplicative. Defendants' request for injunction is also misplaced and not authorized under Georgia law.  Therefore, Defendants' claim for attorneys' fees under O.C.G.A. § 13-6-11 is left standing alone, and as such, must be dismissed as a matter of law.

## CONCLUSION

Defendants have made several serious allegations against Stogner and undersigned firm.  However, Defendants third party claims all fail as a matter of law and must be dismissed by this Court.  No affidavit of an expert was attached to Defendants' claim for legal malpractice and under O.C.G.A. § 9-11-9.1 this claim is deficient and must be dismissed.  Defendants' claim for breach of fiduciary duty is duplicative of its legal malpractice claim and must be dismissed under Georgia law.  Defendants' request for injunctive relief fails to meet any of the four (4) requirements for the issuance of such equitable relief.  Furthermore, Defendants' claim for attorneys' fees is ancillary and is subject to dismissal upon the dismissal of all of Defendants' other claims.  For the reasons shown herein and in the record, Stogner respectfully requests that Defendants Third Party claim against him be dismissed in its entirety.

Respectfully submitted this the 24th day of August, 2010.


BUSCH, SLIPAKOFF & SCHUH, LLP


/s/ Jason B. Godwin
Bryan E. Busch
Georgia Bar No. 006055
Jason B. Godwin
Georgia Bar No.  142226


3350 Riverwood Parkway
Suite 1550
Atlanta, Georgia 30339
Phone:  (770) 790-3550
Facsimile: (770) 350-3520

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARCELINO SOLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vi. | ) | |
| | ) | Civil Action File |
| THE TACO MAKER, INC., | ) | |
| FRANSGLOBAL CORPORATION, | ) | No.  1:09-cv-3293-RWS |
| AND CARLOS BUDET, | ) | |
| | ) | |
| Defendants and | ) | |
| Counterclaimants, | ) | |
| | ) | |
| vi. | ) | |
| | ) | |
| BUSCH, SLIPAKOFF & SCHUH, | ) | |
| LLP and SHANE STOGNER, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |

## CERTIFICATION PURSUANT TO LR7.1 NDGa.

The undersigned counsel, pursuant to LR7.1 NDGa., hereby certifies that this filing has been prepared in a font and point selection approved in LR5.1, NDGa., Times New Roman 14, and with margin as specified therein.

This the 24th day of August, 2010.

BUSCH, SLIPAKOFF & SCHUH, LLP

/s/ Jason B. Godwin
Bryan E. Busch
Georgia Bar No. 006055
Jason B. Godwin
Georgia Bar No.  142226

3350 Riverwood Parkway
Suite 1550
Atlanta, Georgia 30339
Phone:  (770) 790-3550
Facsimile: (770) 350-350

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARCELINO SOLIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vii. | ) | |
| | ) | Civil Action File |
| THE TACO MAKER, INC., | ) | |
| FRANSGLOBAL CORPORATION, | ) | No.  1:09-cv-3293-RWS |
| AND CARLOS BUDET, | ) | |
| | ) | |
| Defendants and | ) | |
| Counterclaimants, | ) | |
| | ) | |
| vii. | ) | |
| | ) | |
| BUSCH, SLIPAKOFF & SCHUH, | ) | |
| LLP and SHANE STOGNER, | ) | |
| | ) | |
| Third-Party Defendants. | ) | |
| | ) | |

## **CERTIFICATE OF SERVICE**

This is to certify that this day I have served the within and foregoing Shane
Stogner's Motion to Dismiss and Certification Pursuant to LR 7.1D, ND Ga. to be
served upon all other parties in this action via electronic filing and email using the
Court's CM/EMF service, addressed to:

Michael Stegawski
Convergent Advisory Services, P.A.
5200 NW 33rd Avenue
Suite 207
Fort Lauderdale, Florida 33309
michael@globalsecuritieslaw.com

This the 24th day of August, 2010.

                                      BUSCH, SLIPAKOFF & SCHUH, LLP

                                       /s/ Jason B. Godwin
                                       Bryan E. Busch
                                       Georgia Bar No. 006055
                                       Jason B. Godwin
                                         Georgia Bar No.  142226