UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| MARCELINO SOLIS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| THE TACO MAKER, INC., FRANSGLOBAL CORPORATION AND CARLOS BUDET, | § § § § § | CIVIL ACTION FILE NO. 1:09-CV-3293-RWS |
| Defendants and Counterclaimants, | § § § | |
| _____ | § § | |
| THE TACO MAKER, INC. | § § | |
| Third-Party-Defendant, | § § | |
| v. | § § | |
| BUSCH, SLIPAKOFF, & SCHUH, LLP AND SHANE STOGNER, ESQ. | § § § | |
| Third-Party Defendants. | § § | |

**THIRD-PARTY DEFENDANTS BUSCH, SLIPAKOFF & SCHUH, LLP AND SHANE STOGNER'S REPLY BRIEF IN SUPPORT OF THEIR MOTION TO SEVER THIRD-PARTY CLAIMS**

The third-party claims brought by Plaintiff/Third-Party Defendant The Taco Maker, Inc. ("TM") against Third-Party Defendants Busch, Slipakoff & Schuh,

LLP ("Busch Slipakoff") and Shane Stogner ("Stogner") concern different evidence than the claims brought by Plaintiff Marcelino Solis ("Solis") against Defendants, namely, the evidence of whether there was an attorney-client relationship between Shane Stogner and TM. To promote a more economical use of judicial resources and to avoid the prejudice of depriving Solis of his counsel of choice, the Court should exercise its discretion under Federal Rules of Civil Procedure 14 and 21 to sever the third-party claims into a separate proceeding instead of disqualifying Busch Slipakoff as Solis's counsel.

## I. Argument in Reply

The Third-Party Defendants request that the Court sever into separate actions the claims filed by Solis against the Defendants and the third-party claims filed by TM against Busch Slipakoff and Stogner under Rules 14 and 21.[1] Rule 14, which governs third-party practice, expressly states that "[a]ny party may move to strike the third-party claim, to sever it, or to try it separately." Fed. R. Civ. P. 14(a)(4). Likewise, Rule 21 states that "[t]he court may also sever any claim

---

[1] The Third-Party Defendants also cited Federal Rule of Civil Procedure 42(b)—the rule pertaining to separation of claims at trial—in their initial brief. The Court's analysis under Rules 21 and 42 involves an analysis of similar factors, such as prejudice to the parties and whether the claims involve the same facts and evidence. Compare Kimberly-Clark Corp. v. James River Corp. of Virginia, 131 F.R.D. 607, 608-09 (N.D. Ga. 1989) (discussing Rule 42 factors), with Grayson v. K-Mart Corp., 849 F. Supp. 785, 787 (N.D. Ga. 1994) (discussing Rule 21 factors).

against a party." Fed. R. Civ. P. 21.  In determining whether the third-party claims were properly joined under Rule 20 or should be severed, the Court looks to:  (1) whether the claims arise out of the same transaction or occurrence; (2) whether there are common questions of law or fact; and (3) the relative prejudice caused by severance.  See Fed. R. Civ. P. 20; Grayson v. K-Mart Corp., 849 F. Supp. 785, 787 (N.D. Ga. 1994).

**A.     The Claims Involve Separate Facts and Evidence.**

The third-party claims should be severed because they concern different facts and evidence than the claims and counterclaims filed by Solis and Defendants against each other.  The third-party claims involve the issue of whether there was an attorney-client or fiduciary relationship between TM and Stogner.  These claims will focus on the evidence of Stogner's and TM's communications with each other and the engagement letter sent by Stogner to TM and will likely require expert testimony on whether an attorney-client relationship existed.  The issue of whether there was an attorney-client relationship between Stogner and TM is irrelevant to the claims and counterclaims between Solis and Defendants, which will focus on evidence of the negotiations between Solis and Defendants and the agreement that the parties had reached.  As the third-party claims do not present the same issues of

fact and law as the initial claims brought by Solis, joinder was improper under Rule 20.

**B.  Severance would avoid the prejudice to Solis of depriving him of his counsel of choice.**

Severing the third-party claims against Busch Slipakoff and Stogner from the original claims and counterclaims would avoid the prejudice to Solis of having his counsel of choice disqualified.  Disqualification of counsel is "a harsh sanction, often working substantial hardship on the client" and "should be resorted to sparingly."  Norton v. Tallahassee Mem'l Hosp., 689 F.2d 938, 942 (11th Cir. 1982).  As noted previously, Busch Slipakoff has been Solis's counsel throughout the underlying negotiations with Defendants and for the fourteen months that this litigation has been pending and has become intimately familiar with the relevant facts and issues involved in this litigation.  It would greatly prejudice Solis to have to retain new counsel at this stage.  Moreover, Solis has a right to counsel of his choice that is rooted in the Due Process Clause and is presumptively entitled to the counsel of his choice.  See In re BellSouth Corp., 334 F.3d 941, 955 (11th Cir. 2003).  Severance of the third-party claims would preserve Solis's right to counsel of his choice.

**C.    Severance would not delay the litigation.**

TM would not face any prejudice of having to wait until the claims between Solis and the Defendants are decided before the third-party claims could be litigated.  TM has not brought a third-party claim for contribution or indemnification that is contingent upon its liability to Solis.  Rather, TM raised independent third-party claims for damages arising out of Busch Slipakoff and Stogner's alleged dual relationship of TM and Solis.  There is no reason why the third-party claims and the initial claims and counterclaims could not be litigated concurrently if the Court severs them.

**D.    Severance would avoid, not create, any risk of jury confusion.**

Severance of the third-party claims into a separate action would avoid the possible risk of jury confusion through hearing testimony from Stogner. Defendants posit that Stogner would present different testimony depending on whether the issue at hand was Solis's claims or the third-party claims.  Putting aside the question of whether Defendants' prediction of Stogner's testimony is accurate and whether Stogner would need to testify in both capacities, any such risk of jury confusion in hearing Stogner's testimony would be alleviated by having the claims severed into two separate actions.

## II. Conclusion

Severance of the third-party claims from the initial claims and counterclaims would resolve all of the concerns raised by the Defendants. It would relieve any concern of Stogner potentially serving as a witness and advocate in the same action. Moreover, it would allow Solis to retain his constitutionally-protected counsel of choice, all while allowing the separate actions to focus on the separate issues involved in the claims and avoiding any delays to either case. Severance is the best option of proceeding with the unique factual and procedural circumstances of this litigation. Thus Busch Slipakoff and Stogner request that the Court grant their motion to sever the third-party claims.

This 22nd day of April 2011.

Respectfully submitted,

CARLOCK, COPELAND & STAIR, LLP

By:   /s/ Michele R. Jones

2600 Marquis Two Tower
285 Peachtree Center Avenue
Atlanta, Georgia  30303
404-522-8220
..........
P.O. Box 56887
Atlanta, Georgia  30303

JOHANNES S. KINGMA
Ga. State Bar No. 421650
MICHELE R. JONES
Ga. State Bar No. 607116
*Attorneys for Third-Party Defendants Busch, Slipakoff & Schuh, LLP, and Shane Stogner*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing "Third-Party Defendants Busch, Slipakoff & Schuh, LLP and Shane Stogner's Reply Brief in Support of their Motion to Sever Third-Party Claims" using the CM/ECF system, which should deliver a copy to the following:

Bryan Busch
Jason Godwin
Busch, Slipakoff & Schuh, LLP
3350 Riverwood Parkway, Suite 1550
Atlanta, GA 30339

Michael Stegawski
Covergent Capital Group
5200 NW 33rd Avenue, Suite 207
Fort Lauderdale, FL 33309

This 22nd day of April 2011.

CARLOCK, COPELAND & STAIR, LLP

By:   /s/ Michele R. Jones
2600 Marquis Two Tower             MICHELE R. JONES
285 Peachtree Center Avenue        Ga. State Bar No. 607116
Atlanta, Georgia  30303            *Attorney for Third-Party Defendants*
404-522-8220
   ..........
P.O. Box 56887
Atlanta, Georgia  30303

7