**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| MARCELINO SOLIS, | : | |
| | : | |
| Plaintiff and Counter- | : | |
| Defendant, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:09-CV-3293-RWS |
| | : | |
| THE TACO MAKER, *et al.*, | : | |
| Defendants, Counterclaimants, | : | |
| and Third-Party Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| BUSCH, SLIPAKOFF, & SCHUH, | : | |
| LLP and SHANE STOGNER, | : | |
| Third-Party Defendants. | : | |

## <u>ORDER</u>

This case comes before the Court on Defendants Carlos Budet,

Fransglobal Corporation, and The Taco Maker, Inc.'s (collectively,

"Defendants") Motion for Partial Summary Judgment [42], Plaintiff Marcelino

Solis' Motion for Extension of Time to File a Response [48], Defendants'

Second Motion to Disqualify Attorney [49], Defendants' Motion for Leave to

File Reply in Support of Partial Summary Judgment [52], and Third-Party

Defendants Busch, Slipakoff, & Schuh, LLP and Shane Stogner's (collectively,

"Third-Party Defendants") Motion to Sever Third-Party Claims [53].  After a

review of the record, the Court enters the following Order.

## 1. Background

  This case arises out of the Plaintiff Marcelino Solis' $125,000 transfer to

the Defendants for what the Plaintiff understood to be the receipt of an equity

interest in the Defendants' entities which would enable his own company to

receive food production orders. Aff. Solis, Dkt. No. [47] at ¶ 17.  Plaintiff

initiated this action against Defendants Carlos Budet ("Budet"), The Taco

Maker, Inc. ("Taco Maker"), and Fransglobal Corporation ("Fransglobal"),

alleging several causes of action, including: (1) common law fraud; (2) sale of

unregistered securities; (3) unjust enrichment; (4) securities fraud; (5)

conversion; and (6) attorneys' fees.  Defendants moved to dismiss, and that

motion was denied. Order, Dkt. No. [7].  Defendants then answered, bringing

counterclaims against the Plaintiff and third-party claims against Plaintiff's

counsel, Third-Party Defendants Shane Stogner and his current firm, Busch,

Slipakoff, & Schuh, LLP. Ans., Dkt. No. [8]. As to the Third-Party Defendants,

the Defendants alleged claims for: (1) legal malpractice; (2) breach of fiduciary

duty; (3) preliminary and permanent injunctive relief; and (4) attorneys' fees.

2

Two weeks later, the Defendants moved to disqualify the Third-Party Defendants as Plaintiff's counsel. Dkt. No. [9].  The Court held a hearing and denied the motion, finding that there was neither a conflict of interest nor a disclosure of confidential information. Order, Dkt. No. [25] at 2.  However, the Court made no finding as to whether an attorney-client relationship existed between the Defendants and the Third-Party Defendants.  Id.  Further, the Court agreed to grant Defendants leave to refile that motion if their claims survived the Third-Party Defendants' motions to dismiss. Id.

In February 2011, the Court ruled that the Defendants had sufficiently plead a legal malpractice third-party claim against the Third-Party Defendants. The Court granted the Defendants leave to file a motion to disqualify the Third-Party Defendants as Plaintiff's counsel. Dkt. No. [43].  Defendants then did so, and the Plaintiff moved to sever the third-party claims.

Defendants additionally filed a motion for partial summary judgment. And, due to the Plaintiff's failure to timely file his opposition brief, the Plaintiff now seeks an extension of time to file his brief, and the Defendants seek leave to file a reply.  The Court will consider each motion in turn.

3

## II. Discussion

### A. Motion for Partial Summary Judgment

#### 1. Preliminary Matters

Plaintiff has moved this Court to extend his time to respond to Defendants' Motion for Partial Summary Judgment.  Defendants' motion was submitted to this Court on March 15, 2011 without opposition. After receiving the March 15th email submission notification, Plaintiff filed his Opposition brief the same day. Dkt. No. [46].  Plaintiff's counsel unwittingly thought that the brief had been filed while he was on vacation.  Dkt. No. [47] at ¶ 10.

Federal Rule of Civil Procedure 6(b)(1) states that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1). In this Circuit, "excusable neglect" is determined by reference to a four-factor inquiry: "the danger of prejudice to the nonmovant, the length of delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted

in good faith." <u>Advanced Estimating Sys., Inc. v. Riney</u>, 130 F.3d 996, 997-98

(11th Cir. 1997).

   While the delay was certainly within the control of the Plaintiff, the Court

finds the motion proper.  Defendants are not prejudiced.  In fact, they filed a

Reply Brief addressing the Plaintiff's arguments.  As well, the Plaintiff filed his

previously-prepared Opposition Brief the same day that he learned of the

mistake and the motion was submitted to the Court.  Further, the Court does not

find that the Plaintiff acted in bad faith.  Therefore, Plaintiff's Motion to Extend

Time to Respond [48] and Defendants' Motion for Leave to File Reply in

Support of Partial Summary Judgment [52] are **GRANTED**.  Defendants'

Motion for Partial Summary Judgment will not be deemed unopposed.

## 2. Legal Standard

   Federal Rule of Civil Procedure 56 requires that summary judgment be

granted "if the movant shows that there is no genuine dispute as to any material

fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P.

56(a).  "The moving party bears 'the initial responsibility of informing the . . .

court of the basis for its motion, and identifying those portions of the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, which it believes demonstrate the absence of a genuine issue

of material fact.'"  Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259

(11th Cir. 2004) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)

(internal quotations omitted)).  Where the moving party makes such a showing,

the burden shifts to the non-movant, who must go beyond the pleadings and

present affirmative evidence to show that a genuine issue of material fact does

exist.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257  (1986).

        The applicable substantive law identifies which facts are material.  Id. at

248.  A fact is not material if a dispute over that fact will not affect the outcome

of the suit under the governing law.  Id.  An issue is genuine when the evidence

is such that a reasonable jury could return a verdict for the non-moving party.

Id. at 249-50.

        In resolving a motion for summary judgment, the court must view all

evidence and draw all reasonable inferences in the light most favorable to the

non-moving party.  Patton v. Triad Guar. Ins. Corp., 277 F.3d 1294, 1296 (11th

Cir. 2002).  But, the court is bound only to draw those inferences which are

reasonable.  "Where the record taken as a whole could not lead a rational trier

of fact to find for the non-moving party, there is no genuine issue for trial."

AO 72A
(Rev.8/82)

Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (quoting

Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)).

"If the evidence is merely colorable, or is not significantly probative, summary

judgment may be granted."  Anderson, 477 U.S. at 249-50 (internal citations

omitted); see also Matsushita, 475 U.S. at 586 (once the moving party has met

its burden under Rule 56(c), the nonmoving party "must do more than simply

show there is some metaphysical doubt as to the material facts").

### 3. Securities Fraud and Common Law Fraud

Defendants first move for summary judgment on Plaintiff's federal

securities law claim. To state a claim for securities fraud under section 10(b) of

the Exchange Act[1] and under Rule 10b-5,[2] Plaintiff must allege: (1) a

---

[1]Section 10(b) states, in pertinent part:

It shall be unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange,

(a) To employ any device, scheme, or artifice to defraud,

(b) To make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, or

(c) To engage in any act, practice, or course of business which operated or would operate as a fraud or deceit upon any person, in connection with the purchase or sale of any

7

misstatement or omission of material fact, (2) made with scienter, (3) in connection with the purchase or sale of any security, (4) upon which the plaintiff justifiably relied, (5) that proximately caused the plaintiff's damages. Garfield v. NDC Health Corp., 466 F.3d 1255, 1261(11th Cir. 2006) (citing Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1281(11th Cir. 1999).

Plaintiff has alleged two misrepresentations: (1) that if Plaintiff transferred $125,000 to the Defendants he would receive stock in Taco Maker and Fransglobal, and 2) that by virtue of the foregoing investment, Plaintiff would be awarded food production contracts. Cmpl., Dkt. No. [1] at ¶¶ 19, 43. Plaintiff alleges in his complaint that these statements occurred during April and July 2008 meetings between the Defendants and Plaintiff.  Defendants argue that the Plaintiff's claims are not actionable because since the Plaintiff transferred the $125,000 equity-purchase funds prior to the July 14, 2008 meeting, Plaintiff cannot prove causation. Specifically, they argue that since the

---

security.

15 U.S.C. § 78j(b).

[2]Rule 10b-5 makes it unlawful "to make any untrue statement of material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading." 17 C.F.R. § 240.10b-5.

transfer of funds occurred on July 11, 2008, the Plaintiff could not rely upon any July 14th statements nor could those statements be connected to the sale of the security.

However, a genuine issue of material fact remains on the securities fraud claims. Plaintiff states that–beyond the July 2008 meeting–the parties met in April to discuss the purchase and that the misrepresentations were originally made that date. Dkt. No. [47] at ¶¶ 7-10.  While Defendants never affirmatively address the April meeting, it appears the Defendants maintain the April misrepresentations could not have occurred as the Plaintiff was still pursuing a prior Lausell transaction. See Def.'s PSMJ, Dkt. No. [42-2] at 7 (stating that the Plaintiff pursued the Lausell transaction, even going so far as to draft a stock purchase agreement, and that the Plaintiff was not approached by Defendants until after the Lausell transaction fell apart). However, Plaintiff states otherwise. As there is a genuine issue of material fact, Plaintiff's misrepresentation claims stand.

Additionally, Defendants have challenged the Plaintiff's omission-based securities fraud claims.  Plaintiff alleges the Defendants omitted: 1) that the Plaintiff's investment would be used to buy-out other investors in a ponzi-

9

scheme-like-fashion, and 2) that none of the Defendants were registered with either the Georgia Secretary of State or the United States Securities and Exchange Commission to engage in securities transactions. Cmpl., Dkt. No. [1] at ¶¶ 45, 46.  Defendants fail to address the first omission on the merits but argue that as to the second, "Defendants were exempt from the broker-dealer registration requirements and Plaintiff's loss was not proximately caused by a failure to register." MPSJ, Dkt. No. [42-2] at 9-10.

Defendants have cited O.C.G.A. § 10-5-31(b)(3) (2009), O.C.G.A. § 10-5-31(b)(4) (2009), and § 10-5-31(b)(4)'s federal analog–Rule 3a4-1–as exemptions for Budet's registration requirement, and the Plaintiff has addressed these statutes in his opposition brief.  However, while the legislation which created these state exemptions was passed in May 2008, the effective date of the law was July 1, 2009, after Plaintiff's claims arose.[3] Therefore, these exemptions are not properly cited as the pre-July 2009 law controls. See 2008 GA. CODE ANN. ADV. LEGIS. SERV. 528 (West) (stating that the changes became effective July 1, 2009 and thus were not retroactive).

---

[3]It also appears that Plaintiff initially took this view as well–even though he responded to the post-2009 law–because his complaint cites the pre-July 2009 law. See Dkt. No. [1] at 8-10 (citing O.C.G.A. §§ 10-5-5, -12 (2008)(amended 2009) as substantiating the failed broker-registration).

However, even if the cited provisions are also substantively found in a pre-July-2009 analog, the Court finds that the Defendant is not entitled to judgment as a matter of law on these claims.  The Plaintiff has filed a Rule 56(d) affidavit, requesting additional time to complete discovery. Dkt. No. [46-2].  At the time Defendants filed their Motion, the parties had not completed a Rule 26(f) conference  nor a preliminary scheduling report. Id. at ¶¶ 10-12.  In fact, at the time of this motion, only the Plaintiff had responded to the Defendants' written discovery.  The Court agrees that the Plaintiff should be given additional time to conduct discovery, especially as it relates to whether the Defendants offered the same security to any other potential buyers.  Those facts would not be within the Plaintiff's possession or control.

Therefore, Defendants' Motion for Partial Summary Judgment is **DENIED, with the right to refile** following discovery.  If the parties choose to file a motion for summary judgment, they should be mindful to formulate their memoranda of law around pre-July-2009 law.  If the parties believe that the post-July-2009 law should apply instead, those arguments should be made in any subsequent summary judgment briefing.

11

### 4. Sale of Unregistered Securities

Defendants also move for summary judgment on Plaintiff's sale of unregistered securities claim.  Defendants seek refuge under O.C.G.A. §§ 10-5-11(1) and -11(14) (2009),[4] which provide exemptions for security registration under the post-July-2009 code.  These provisions substantively exclude "isolated non-issuer transactions" and transactions which involve investments by not more than 15 purchasers with neither a general advertisement nor a commissioned broker.  See O.C.G.A. §§ 10-5-11(1), -11(14) (2009).

However, assuming again that there are pre-July-2009 analogs for these provisions, the Court finds that the Plaintiff is entitled to additional discovery on these issues.  Without completing discovery, Plaintiff is unable to know definitively how many purchasers existed or whether this transaction was in fact isolated.  Again, these are facts not within the Plaintiff's control.  Therefore, the Defendants' Motion is **DENIED, with the right to refile** upon completion of additional discovery.

---

[4]Defendants and Plaintiff refer to this exemption as O.C.G.A. § 10-5-14. However, based on the alleged substance of the cited provision and Defendants' notation that they are referring to post-2008 law, it appears that all of the litigants meant to cite O.C.G.A. § 10-5-11(14) (2009). See Def.'s PMSJ, Dkt. No. [43-2] at 23.

12

### B. Motions to Disqualify and Sever the Third Party Claims

Defendants have additionally moved to disqualify Third-Party Defendant Busch, Slipakoff, & Schuh, LLP ("BSS") from representing the Plaintiff.  In response, the Third-Party Defendants oppose disqualification but request that if the Court deems disqualification proper, the Court sever the third-party claims.

The Court has previously found that the Defendants have adequately plead an attorney-client relationship between the Third-Party Defendants and themselves. Dkt. No. [43] at 4-7. As a result, Defendants argue that since they are alleged former clients of Shane Stogner, and because Mr. Stogner is now part of BSS, his conflict is imputed to BSS.  Thus, continued representation of the Plaintiff violates Rules 1.7, 1.9, and 1.10 of the Georgia Rules of Professional Conduct.  In return, BSS argues that it is not a proper party because Stogner's former law firm, Taylor, Busch, Slipakoff, & Duma, LLP, is not the predecessor in interest to BSS.  Therefore, BSS is not conflicted because it did not represent the Defendants.  BSS did not raise this argument in its 12(b)(6) motion which was previously denied by this Court. See BSS' MTD, Dkt. No. [29].

Pursuant to Georgia Rules of Professional Conduct 1.9(a), "a lawyer is disqualified from representing a party against a former client in a matter that is 'substantially related' to the lawyer's prior representation." Crawford W. Long Mem. Hosp. v. Yerby, 373 S.E.2d 749, 750 (Ga. 1988); Rule 1.9(a).[5] Further, "if one attorney in a firm has an actual conflict of interest, we impute that conflict to all the attorneys in the firm, subjecting the entire firm to disqualification." Rescigno v. Vesali, 703 S.E.2d 65, 69 (Ga. Ct. App. 2010) (citing Rule 1.10(a)[6]).

Here, Shane Stogner allegedly maintained an attorney-client relationship with the Defendants.  And, Stogner is currently an associate at BSS.  Thus, it is Stogner who taints BSS, not some "successor-in-interest" theory.  Additionally, the subject matter here is clearly "substantially related" to the prior representation as it was out of this representation that the Defendants assert

---

[5]Rule 1.9(a) states in full: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after consultation."

[6]Rule 1.10(a) states in full: "While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7: Conflict of Interest: General Rule, 1.8(c): Conflict of Interest: Prohibited Transactions, 1.9: Former Client or 2.2: Intermediary."

14

their third-party claims against BSS.  The alleged representation only occurred

because of the Plaintiff's alleged equity interest purchase.   Further, the ethical

conflict is only exacerbated by the fact that BSS is a party to this lawsuit.

Therefore, Defendants' Motion to Disqualify BSS [49] is **GRANTED**.

BSS then argues that if it is disqualified, that the third-party claims

should be severed[7] so that the Plaintiff could assert his right to choose counsel.

Federal Rule of Civil Procedure 14(a)(4) states that "[a]ny party may move to

strike the third-party claim, to sever it, or to try it separately."  The district court

is given discretion to try cases separately "[f]or convenience, to avoid prejudice,

or to expedite and economize." FED. R. CIV. PRO. 42(b).

The Court does not find that the third-party claims should be tried

separately or severed.  Judicial economy is promoted by maintaining the current

alignment.  The primary claims and the third-party claims involve the same

witnesses and relate to the "contract" which was formed between the Plaintiff

and the Defendants.  The Defendants maintain that Stogner's failure to

---

[7]It is unclear if BSS moves for the third-party claims to be "severed"–meaning established as a separate lawsuit–or to simply be "tried separately," as it uses both standards in its briefing. See, BSS' Mot. Sever, Dkt. No. [53] (stating "sever" in styling its motion and throughout briefing, but citing Rule 42 which governs separate trials). The Court will construe the motion as seeking either severance or a separate trial.

implement basic contract formalities resulted in any damages which have occurred.  Therefore, BSS' Motion to Sever [53] is **DENIED**.

### III. Conclusion

Based on the foregoing, Plaintiff's Motion for Extension of Time to File a Response [48] and Defendants' Motion for Leave to File Reply in Support of Partial Summary Judgment [52] are **GRANTED**.   Defendants' Motion for Partial Summary Judgment [42] is **DENIED, with the right to refile** following discovery.  As well,  Defendants' Second Motion to Disqualify Attorney [49] is **GRANTED** and Third-Party Defendants' Motion to Sever Third-Party Claims [53] is **DENIED**.  Stogner and BSS are disqualified from representing the Plaintiff in this matter.

**SO ORDERED** this  _2nd_  day of June, 2011.

_Richard W. Story_

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

16