# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

THE TACO MAKER, INC.,   :
           :
  Third-Party Plaintiff,  :
           :
v.          :  CIVIL ACTION NO.
           :  1:09-CV-3293-RWS
BUSH, SLIPAKOFF, & SCHUH, :
LLP; and SHANE STOGNER,  :
ESQ.,         :
           :
  Third-Party Defendants. :

## ORDER

This case is before the Court on Defendants' Motion for Sanctions [168], Defendants' Motion for Extension of Time to Complete Discovery [172], Defendants' Motion to Strike [177], and Plaintiff's Cross Motion for Sanctions [184].  After reviewing the record, the Court enters the following Order.

### Discussion

### I.  Defendants' Motion to Strike [177]

Defendants move to strike the Affidavit of Carlos Budet, paragraphs 6 and 8 of the Affidavit of Ricardo Rivera, and part of Plaintiff's deposition testimony under Federal Rules of Civil Procedure ("Rules") 12(f) and 56(h).

(See generally Def.s' Motion to Strike, Dkt. [177].)  Plaintiff argues that Rule

12(f) is inapplicable here because the affidavits and deposition are not

"pleadings."  (Pl.'s Resp. to Def.s' Motion to Strike, Dkt. [187] at 3.)  Further,

Plaintiff argues, Defendants have not shown bad faith or undue delay in

Plaintiff's submission of the affidavits and deposition.  (Id. at 4.)  The Court

agrees with Plaintiff.

Rule 12(f) states that a court "may strike from a pleading an insufficient

defense or any redundant, immaterial, impertinent, or scandalous matter. . . ."

Generally, "[a]n affidavit is not a pleading subject to a motion to strike."

Argonaut Midwest Ins. Co. v. McNeilus Truck and Mfg., Inc., No. 1:11-CV-

3495-TWT, 2013 WL 489141, at *1 (N.D. Ga. Feb. 8, 2013); see also Southard

v. State Farm Fire and Cas. Co., No. 4:11-CV-243, 2013 WL 209224, at *7

(S.D. Ga. Jan. 17, 2013) ("[A] motion to strike is not the proper procedural

vehicle to challenge affidavits.  Affidavits are not pleadings.") (internal

citations omitted).

To the extent Defendants' motion raises evidentiary objections to

Plaintiff's submissions, "[r]ather than striking a document or a portion thereof,

it is usually more appropriate to consider a party's objections to affidavits

which are filed in support of a motion for summary judgment when ruling on the merits of a motion for summary judgment." Haynes v. Twin Cedars Youth and Family Servs., No. 5:10-CV-321 (CAR), 2012 WL 895699, at *5 (M.D. Ga. Mar. 15, 2012).  When addressing the merits of a motion for summary judgment, "a court may strike *or* disregard the improper portions of an affidavit submitted in connection with a motion for summary judgment, and consider the remainder of the testimony or statement." Id. at *7 (citing Lee v. Nat'l Life Assurance Co. of Canada, 632 F.2d 524, 529 (5th Cir. 1980)[1]).

Rather than strike the contested material, the Court may exercise its discretion and disregard any improper testimony when it considers the merits of Defendants' Motion for Summary Judgment.  Further, the Court agrees that there is no evidence of bad faith or undue delay in Plaintiff's filing of these submissions.  Accordingly, Defendants' Motion to Strike is **DENIED**.

## II.    Defendants' Motion to Extend Discovery [172]

Defendants move to extend discovery so that they may depose Carlos Budet, The Taco Maker's CEO, and explore new allegations regarding damages

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit issued prior to October 1, 1981.

3

raised by Plaintiff in its response to Defendants' summary judgment motion. (See generally Def.s' Motion to Extend Discovery, Dkt. [172].)  A party's corporate officers are subject to deposition by notice under Federal Rule of Civil Procedure ("Rule") 30(b).  See Telecomm Technical Servs., Inc. v. Siemens Rolm Commc'ns, Inc., No. 1:95-CV-649WB, 1997 WL 34639048, at *1 (N.D. Ga. Sept. 15, 1997); Faro Techs., Inc. v. Romer, Inc., No. 6:06-CV-13-Orl-19KRS, 2007 WL 496615, at * 3 (M.D. Fla. Feb. 12, 2007) ("[Rule] 30(b)(1) allows a party to notice the deposition of a particular officer, director, or managing director of a party.").  However, courts may limit depositions of senior management and "high-level decisionmakers who are removed from the daily subjects of litigation" if they lack personal knowledge of the facts at issue. Faro Techs., 2007 WL 496615, at *4.

The Parties do not appear to dispute that Budet is the CEO of The Taco Maker.  (See Pl.'s Resp. to Def.s' Statement of Facts, Dkt. [175] ¶ 3.)  Further, it is clear that Budet has direct personal knowledge of facts at issue.  In fact, Plaintiff relies heavily on Budet's Affidavit in its Response to Defendants' Motion for Summary Judgment [174] and its Response to Defendants'

4

Statement of Facts [175].  Therefore, the Court finds that Defendants are entitled to depose Budet upon notice.

This Order serves as notice of Defendants' intent to depose Budet.  The Parties are **ORDERED to set the deposition** for a date, time, and location mutually convenient to the witness, the Parties, and counsel, provided that the deposition occurs **in Georgia within 20 days of this Order**.  If Plaintiff fails to comply with this Order, Budet will be prohibited from offering any testimony in this matter.

Regarding Defendants' request to engage in further discovery on the issue of damages, the request is denied.  Plaintiff is not permitted to amend its claims through its brief opposing summary judgment.  See Davis v. Cothern, 482 Fed. App'x 495, 497 (11th Cir. 2012) (citing Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004)).  Thus, any new allegations regarding damages not raised in Plaintiff's Third-Party Claim against Defendants [8] will be disregarded by the Court in its consideration of Defendants' Motion for Summary Judgment.

Accordingly, Defendants' Motion to Extend Discovery is **GRANTED in part and DENIED in part.**  The discovery period is reopened for the limited purpose of allowing Defendants to depose Budet.

## III.    Defendants' Motion for Sanctions [168]

Defendants move for sanctions based on Budet's "repeated failures to appear for his properly noticed deposition or to provide available dates for his deposition." (Def.s' Motion for Sanctions, Dkt. [168] at 1.)  To sanction Budet's failure to appear, Defendants ask the Court to prohibit Budet from offering any testimony in connection with this case and order Budet and his counsel to pay reasonable expenses.  (Id. at 8, 9.)  The Court has determined that Defendants are entitled to depose Budet.  If he fails to submit to deposition, his testimony in this case will be disregarded.  (See Part II, supra.)  Therefore, to some extent, Defendants' Motion for Sanctions is moot.

In response to Defendants' motion, Plaintiff contends that Defendants' notice to depose Budet was deficient and that Defendants failed to give Plaintiff's counsel adequate time to prepare for a deposition.  (Pl.'s Resp. to Def.s' Motion for Sanctions, Dkt. [183] at 1-5.)  Plaintiff describes its attempts to communicate with Defendants regarding Budet's deposition and various

6

scheduling challenges with Plaintiff's counsel leading up to the proposed deposition date.  (Id. at 3-5.)  The Court finds that there is some question as to whether Plaintiff and Budet were properly noticed regarding the deposition[2] and therefore, declines to issue sanctions against Plaintiff.  Accordingly, Defendants' Motion for Sanctions is **DENIED**.

## IV.   Plaintiff's Cross Motion for Sanctions [184]

Plaintiff has filed a cross motion for sanctions against Defendants under 28 U.S.C. § 1927 and Rule 11.  Plaintiff argues that Defendants' Motion for Sanctions is frivolous and vexatious.  The Court disagrees.  The Court has found that Defendants are entitled to depose Budet and therefore, despite any potential deficiencies in Defendants' notice of Budet's deposition, Defendants' attempt to sanction Plaintiff for Budet's failure to appear for a deposition is not frivolous or vexatious.  Therefore, the Court declines to issue sanctions against Defendants and Plaintiff's Cross Motion for Sanctions is **DENIED**.

---

[2] To try to ensure Budet's appearance at the deposition, Defendants secured a subpoena in Puerto Rico.  Plaintiff has filed a Motion to Quash Defendants' subpoena of Budet, which is still pending in the District of Puerto Rico.  The Court has found that Defendants are entitled to depose Budet, as CEO of The Taco Maker, on notice, but the proceeding in Puerto Rico further demonstrates that there are outstanding questions regarding Defendants' method of noticing Budet's deposition.

AO 72A
(Rev.8/82)

### Conclusion

Based on the foregoing, Defendants' Motion to Extend Discovery [172] is **GRANTED in part and DENIED in part**.  The Parties are hereby **ORDERED** to set the deposition of Carlos Budet at a location in Georgia within 20 days of this Order, and the discovery period is extended for the limited purpose of conducting said deposition.  Defendants' Motion to Strike [177] and Motion for Sanctions [168] are **DENIED**.  Plaintiff's Cross Motion for Sanctions [184] is also **DENIED**.

**SO ORDERED**, this  24th   day of April, 2013.

RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)